# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Richard English, | Case No. 2:25-cv-0400-CDS-BNW |
| Plaintiff, | **ORDER and** |
| v. | **REPORT AND RECOMMENDATION** |
| United States Department of Justice, et al., | |
| Defendants. | |

Before the Court is Plaintiff's application to proceed *in forma pauperis*. ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant his request to proceed *in forma pauperis*. The court now screens Plaintiff's complaint.

## I.   ANALYSIS

### A.  Screening standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

**B. Screening the Complaint**

Venue may be raised by a court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). Section 1391(b) of Title 28 of the U.S. Code provides, in pertinent part, that a "civil action may be brought in – (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; [or] (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated[.]" 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488; *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 842 (9th Cir. 1986). "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Plaintiff's complaint is long and not easy to understand. Nevertheless, it is clear that the conduct at issue took place in California and that the Defendants do not reside in this District. Thus, Plaintiff's claims bear no relation whatsoever to the District of Nevada. Accordingly, the Court finds venue is not proper in the District of Nevada. See 28 U.S.C. § 1391(b); *Costlow*, 790 F.2d at 1488. Accordingly, the Court will dismiss Plaintiff's complaint without leave to amend in this District.

1 | Given this is not the proper venue for this case, the Court also recommends that the
2 | request for injunctive relief be denied.

3 | **II.    CONCLUSION**

4 | IT IS THEREFORE ORDERED that Plaintiff's motion to proceed *in forma pauperis*
5 | (ECF No.2 ) is GRANTED.

6 | IT IS FURTHER RECOMMENDED that Plaintiff's complaint be dismissed without leave
7 | to amend in this District.

8 | IT IS FURTHER RECOMMENDED that Plaintiff's Request for Injunction (ECF No. 8)
9 | be DENIED.

11 | DATED: March 17, 2025

_____
BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE