UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Richard English,

         Plaintiff

v.

United States Department of Justice, et al.,

         Defendants

Case No. 2:25-cv-00400-CDS-BNW

**Order Overruling Plaintiff's Objection and Accepting Magistrate Judge's Report and Recommendation**

[ECF Nos. 11, 12]

     Pro se plaintiff Richard English brings this lawsuit seeking to compel the United States Department of Justice to investigate the Ventura County Sheriff's Office and numerous individuals that English alleges have violated his rights. Compl., ECF No. 1-1. Shortly after filing his complaint, English filed a request for injunction. Mot., ECF No. 8. Because English applied to proceed *in forma pauperis*, United States Magistrate Judge Brenda Weksler screened the complaint under 28 U.S.C. § 1915(e)(2) and found that venue is not proper in the District of Nevada. ECF No. 11. She therefore issued a report and recommendation (R&R) that I dismiss English's complaint without leave to amend in this district. *Id.* Judge Weksler also recommends that I deny English's request for injunctive relief. *Id.* at 3. English objects to the magistrate judge's recommendation of dismissal. Obj., ECF No. 12. Because I agree with Judge Weksler's analysis, I accept and adopt the R&R in full.

**I.    Legal standard**

     "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* "The statute makes it clear that the district

judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

Under the de novo standard, the magistrate judge's findings and recommendations are independently reviewed to determine whether they are clearly erroneous or contrary to law. A magistrate judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law[,] or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## II.   Discussion

Judge Weksler recommends dismissing the complaint because venue is improper here. ECF No. 11 at 2. In particular, Judge Weksler finds that (1) the conduct at issue took place in California, (2) the defendants do not reside in this district, and (3) the claims bear no relation whatsoever to the District of Nevada. *Id.*

In his objection, English asserts that he "checked the wrong box, related to Venue and Jurisdiction" and has since cured the issue because he "filed an Amended Civil Cover sheet correcting the issue of Venue." Obj., ECF No. 12 at 2. Further, English argues that venue is proper under 28 U.S.C. § 1391(e)(3) because he is suing the United States Department of Justice ("DOJ"), he resides in Nevada, and no real property is involved in the action. *Id.* at 3.

I agree with Judge Weksler's analysis and similarly find that English has not alleged that any defendant resides in Nevada, that a substantial—or any—part of the events giving rise to his claims occurred in Nevada, or that the defendants have any ties to Nevada. ECF No. 11 at 2 (citing 28 U.S.C. § 1391(b)). Contrary to English's objection, the Department of Justice is not named as a defendant, therefore venue in this action does not fall within the scope of § 1391(e). I therefore find that English has neither established that venue is appropriate here, nor

demonstrated that Judge Weksler's findings and recommendation are clearly erroneous or contrary to law.

Also in his objection, English contends that he seeks "mandamus to compel [ ] DOJ to perform its duty mandated by law[.]" ECF No. 12 at 2. Even if English could establish venue in this district, he would not be entitled to mandamus relief. Mandamus writs are extraordinary remedies, available to compel federal officers or employees to perform a duty owed to the plaintiff only when: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998). English has not met any of these criteria. English alleges that the DOJ should be compelled and required to investigate his claims. However, English's allegations of "torture" and "race hate crimes, theft of plaintiff's federal monies, Felony Identity Theft"[1] are far from "clear and certain." ECF No. 1-1 at 38, ¶ 1. Moreover, the supposed duties which English seeks to compel, whether and how to investigate and prosecute alleged violations, are discretionary decisions by the DOJ. *See Heckler v. Chaney*, 470 U.S. 821, 831 (1985) ("[A]n agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion. This recognition of the existence of discretion is attributable in no small part to the general unsuitability for judicial review of agency decisions to refuse enforcement." (citations omitted)). Finally, English neither alleges that he has exhausted other available remedies, nor does he allege that he filed complaints with the Department of Justice, and it refused to investigate. English has not established that no other adequate remedy is available to him.

Because English has not met his burden establishing venue is proper, or supported his request for mandamus relief, I accept the R&R in full and dismiss his complaint without prejudice. Moreover, because no amendment would cure the complaint's deficiencies, granting English leave to amend would be futile, so it is appropriately denied. *See Reddy v. Litton Indus., Inc.*,

---

[1] Compl., ECF No. 1-1 at 21, ¶ 39; ECF No. 1-1 at 34, ¶ 92; ECF No. 1-1 at 38 at ¶ 1.

912 F.2d 291, 296 (9th Cir. 1990) (holding that a district court does not err in denying leave to amend where the amendment would be futile).

### III. Conclusion

For the reasons stated, it is hereby ordered that plaintiff's objection **[ECF No. 12] is overruled**. Therefore, the magistrate judge's report and recommendation **[ECF No. 11] is accepted and adopted in full**. This case is **dismissed without prejudice** but without leave to amend in the District of Nevada. The Clerk of Court is kindly directed to close this case.

Dated: June 4, 2025

_____
Cristina D. Silva
United States District Judge